# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GRISELDA NEGRETE VARGAS, | Case No. 2:19-cv-02135-KJD-DJA |
| Petitioner, | |
| v. | **ORDER** |
| CHAD WOLF, Acting Secretary of the U.S. Department of Homeland Security, et al., | |
| Respondents. | |

Petitioner Griselda Negrete Vargas has filed a Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2241 seeking review of the of constitutional and legal issues arising from bond determinations by an immigration judge. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court orders service of Negrete Vargas's Petition and sets an expedited briefing schedule.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Federal district courts may grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal district courts have habeas jurisdiction under § 2241 to review "bond hearing determinations for constitutional claims and legal error." *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). However, in general, a

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

habeas petitioner must exhaust his or her administrative remedies prior to filing a § 2241 petition. *Hernandez v. Sessions*, 872 F.3d 976, 988–89 (9th Cir. 2017).

Negrete Vargas is a citizen of Mexico who is currently detained by the Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security ("DHS") in Pahrump, Nevada. (ECF No. 1.) She alleges she has been in ICE custody for over six months.

Negrete Vargas's Petition alleges two claims of procedural due process violations under the Fifth Amendment. First, she alleges that the immigration judge ("IJ") applied the wrong legal standard when making a determination to deny her bond. She asserts that the IJ improperly placed the burden of proof on her to show that she is not a danger to the community or flight risk; however, the government bears the burden of showing that detention is justified pending removal proceedings. Second, Negrete Vargas claims that her prolonged detention requires a new determination as to whether continued detention is justified.

The prayer for relief asks the Court, among other things, for an order directing Respondents to immediately release Negrete Vargas or, alternatively, an order directly Respondents to provide Negrete Vargas with another bond hearing wherein the government bears the burden of proof to show, by clear and convincing evidence, that Negrete Vargas is currently a danger to the community or flight risk. She further requests expedited consideration of the Petition.

After careful review of the Petition, the Court will direct service to Respondents and require them to file an expedited response.

**IT IS THEREFORE ORDERED:**

1. The Clerk of Court shall **DELIVER** a copy of the Petition (ECF No. 1), Summons (ECF No. 2), and this order to the U.S. Marshal for *expedited service*.

2. The Clerk of Court shall **SEND VIA REGISTERED OR CERTIFIED MAIL** a copy of the Petition (ECF No. 1) Summons (ECF No. 2), and this order to the Hon. William Barr, Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530.

3. The Clerk of Court shall **SEND VIA REGISTERED OR CERTIFIED MAIL** a copy of the Petition (ECF No. 1), Summons (ECF No. 3), and this order to the Hon. Chad F.

Wolfe, Acting Secretary of the United States Department of Homeland Security, Washington, D.C. 20528.

4. The U.S. Marshal shall **SERVE** a copy of the Petition (ECF No. 1), Summons (ECF No. 3), and this order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.

5. Respondents have **21 days from the date the Petition (ECF No. 1) is served** to appear in this action and answer or otherwise respond to the Petition.

6. If Respondents file an answer to the Petition, Negrete Vargas will have 21 days to file a reply to the answer. If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

7. Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.

8. In any answer filed on the merits, Respondents must specifically cite to and address the applicable written decision and record materials, if any, regarding each claim within the response as to that claim.

9. All records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

*///*

10. A paper copy of any exhibits over 50 pages—for this case—must be delivered to the Las Vegas Clerk's Office and addressed to the attention of "Staff Attorney." Paper copies must be (i) file-stamped copies, bearing the document number assigned by the CM/ECF system, (ii) securely bound on the left side to display the document number, and (iii) tabbed to display exhibit numbers or letters on the right side or bottom of the copies. *See* LR IA 10-3(i); LR IC 2-2(g).

DATED this 16 day of December 2019.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE